IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

| | |
|---|---|
| DEBORAH TOLLEY, o/b/o T.R.B., <br><br> Plaintiff, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br> Defendant. | CIVIL ACTION NO.: 5:20-cv-31 |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff contests the decision of Administrative Law Judge Antony Saragas ("the ALJ" or "ALJ Saragas") finding Plaintiff's grandchild, T.R.B. ("Claimant"), no longer disabled and, therefore, ineligible for continued Child's Supplemental Security Income ("SSI") as of April 20, 2016. Plaintiff urges the Court to remand the case for further proceedings. Doc. 19 at 19–20. The Commissioner asserts the ALJ's decision should be upheld. Doc. 20 at 1. For the reasons which follow, I **RECOMMEND** the Court **REMAND** this case to the Commissioner under sentence four of 42 U.S.C. § 405(g). I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**BACKGROUND**

In November 2010, an application for SSI was filed on behalf of Claimant. R. 15, 166–74. On August 4, 2011, Claimant was found disabled due to Claimant's attention deficit hyperactivity disorder ("ADHD") with an onset date of November 8, 2010, and Claimant was awarded Child's SSI. R. 14, 17, 68. In 2016, when Claimant was nine years old, the Social Security Administration found Claimant no longer disabled as of April 20, 2016, because

medical improvement had occurred.  R. 14, 69, 71–75, 97.  Initially, a disability hearing officer determined at a hearing in March 2017 Claimant was no longer disabled as of April 20, 2016.  R. 82–10.  The ALJ held hearings in August 2018, R. 57–66, and January 2019, R. 38–56, and issued a decision on February 22, 2019, finding Claimant no longer disabled as of April 20, 2016, R. 11–37.  Claimant was 12 years old at the time of ALJ Saragas' decision.  Plaintiff appealed to the Appeals Council, which denied Plaintiff's request for review on behalf of Claimant and affirmed the ALJ's findings, on January 30, 2020.  R. 1–8.

Claimant, born on May 18, 2006, was 9 years old on his disability cessation date and 12 years old when the ALJ rendered his decision.  R. 11, 18.  Claimant was in sixth grade at the time of the ALJ's January 2019 hearing.  R. at 45–46.  Claimant's representative at his hearing, his father, waived Claimant's right to representation and, thus, Claimant was an unrepresented minor at the hearing.  R. at 42.

## DISCUSSION

I.     **The ALJ's Findings**

Applying the sequential process required by 20 C.F.R. §§ 404.1594 and 416.994, the ALJ found:

1. The most recent favorable medical decision, known as the "comparison point decision" ("CPD"), was dated August 4, 2011.  20 C.F.R. §§ 404.1594(b)(7), 416.994(b)(1)(vii).

2. At the time of the CPD, Claimant had the following medically determinable impairment: ADHD.  This impairment was found to functionally equal the listings of 20 C.F.R. §§ 416.924(d) and 416.926a).

3. Medical improvement occurred between the CPD and April 20, 2016.  20 C.F.R. § 416.994a(c)).

4. Claimant was a school-age child as of April 20, 2016, and is currently a school-age child.  20 CFR § 416.994a(b)(2).

> 5. Since April 20, 2016, Claimant's impairments at the time of the CPD have not functionally equaled the Listings of Impairments. 20 C.F.R. §§ 416.994a(b)(2), 419.926a; SSR 05-03p.

R. 17–19.  Specifically, the ALJ found since April 20, 2016, Claimant had the "severe" impairments of ADHD, speech and learning delays, and asthma, but these impairments did not meet or equal any Listing.  R. 24.

## II.      Issues Presented

Plaintiff asserts two enumerations of error: (1) the ALJ failed to fully and fairly develop the record; and (2) the ALJ failed to properly consider the applicable age category.  Doc. 19 at 4.

## III.     Standard of Review

It is well-established judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence" and whether the Commissioner has applied appropriate legal standards.  Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990).  A reviewing court does not "decide facts anew, reweigh the evidence or substitute" its judgment for that of the Commissioner.  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).  Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence.  Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved.  The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion.  Ingram v. Comm'r of Soc. Sec. Admin., 496 F. 3d 1253, 1260 (11th Cir. 2007).  The substantial evidence standard requires more than a scintilla but less than a preponderance of evidence.  Dyer, 395 F.3d at 1210.  In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards.

3

Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification.  Cornelius, 936 F.2d at 1146.

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity.  Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding judicial review of the Commissioner's legal conclusions is not subject to the substantial evidence standard).  If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the court must reverse the decision.  Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982), *overruling by statute on other grounds recognized by* Lane v. Astrue, No. 8:11-CV-345, 2012 WL 292637, at *4 (M.D. Fla. Jan. 12, 2012).

### IV. Whether the ALJ Failed to Consider Applicable Age Category

Plaintiff argues remand is warranted because the ALJ failed to consider Claimant's applicable age category.  Doc. 19 at 17.  Plaintiff asserts when Claimant's proceedings began, Claimant was a school-age child, but in 2018, before a final decision was made on Claimant's disability, he turned 12 years old and, thus, was no longer a school-age child.  Id. at 18.  Instead, upon turning 12, Claimant became an adolescent.  Id.  Plaintiff contends ALJ Saragas erred because he only considered the age category for a school-age child and did not evaluate Claimant as an adolescent.  Id. at 19.

Defendant acknowledges Claimant was 12 years old at the time of the ALJ's decision and admits the ALJ mistakenly concluded Claimant was a school-aged child in his decision.  Doc. 20 at 12.  However, Defendant argues Plaintiff has not shown Claimant was more limited than found by the ALJ during the period after which Claimant turned 12 years old and, therefore, remand is not warranted.  Id.

In Plaintiff's Reply, Plaintiff disagrees, contending the ALJ's failure to assess Claimant's impairments and limitations in relation to the functional domains of an adolescent means the ALJ's determination is fundamentally flawed. Doc. 21 at 2. Plaintiff argues without any assessment by the ALJ regarding the change in age category and correlating functional-equivalence analysis, the Court cannot conduct meaningful judicial review of the ALJ's findings and remand is warranted. Id. at 2–3.

Claimant was 12 at the time of the January 2019 hearing and February 2019 decision by the ALJ. Thus, the ALJ incorrectly indicated Claimant was a school-age child on the date of his decision, R. 18, and failed to correctly identify Claimant as an adolescent at the time of the hearing and decision. See 20 C.F.R. § 416.926a(g)(2)(v) ("Adolescents (age 12 to attainment of age 18)."). The relevant provisions—20 C.F.R. § 416.926a(b)(1) & (f)—explain the different levels of development and functioning expected for different age groups. Blackshear v. Astrue, No. CV 311-073, 2012 WL 3231023, *1 n.1 (S.D. Ga. June 29, 2012), *adopted by* 2012 WL 3230428 (S.D. Ga. Aug. 6, 2012). This distinction is an important one. See Butler ex rel. J.B. v. Colvin, No. CA 12-0382, 2013 WL 1007717, at *3 (S.D. Ala. Mar. 13, 2013) (explaining the importance of an ALJ evaluating functional equivalence corresponding with the claimant's age at the time of the hearing and decision and collecting cases) (citations omitted). Indeed, "[i]f the age descriptors meant nothing, the regulations would not make any age distinctions." Id. at n.7.

Here, the ALJ evaluated functional equivalence in the context of Claimant being solely a school-age child, R. 19–24, as opposed to addressing the issue in both contexts—that is, as a school-age child and as an adolescent. The ALJ's failure to consider functional equivalence in the context of Claimant maturing to adolescence (in addition to consideration of the issue in the school-age child context) is error requiring remand of this case. See id.; Tisdale ex rel. B.O.H. v.

5

Astrue, No. 8:07-CV-862, 2008 WL 4145838, *3 (M.D. Fla. Sept. 8, 2008) ("This [harmless error] argument is unpersuasive.  In determining whether the child had marked or extreme limitations, the law judge was directed to compare the child to children his age who do not have impairments.  If, in making that determination, the law judge compared the child to the wrong age group, the determination would be fundamentally flawed . . . . [T]he decision reflects an error that warrants reversal.").  Defendant contends the ALJ would still have reached the same conclusions if the ALJ had properly evaluated Claimant as an adolescent.  Doc. 20 at 12.  However, there is no record from the ALJ to support Defendant's contention.  In essence, Defendant is asking the Court to decide facts anew and reweigh the evidence before the ALJ, which the Court may not do.  Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005).

Accordingly, I **RECOMMEND** the Court **REMAND** the case to the Commissioner for further consideration.  Given my recommendation, the Court declines to address Plaintiff's remaining enumeration of error, whether the ALJ failed to develop a full and fair record.  Doc. 19 at 15–17.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** the Court **REMAND** this case to the Commissioner under sentence four of 42 U.S.C. § 405(g).  This remand under sentence four would terminate this Court's jurisdiction over the matter.  Therefore, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.  Objections shall be specific and in writing.  Any objection that the Magistrate Judge failed to address a contention raised in the Complaint or any other filing must be included.

Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.  28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1192–93 (11th Cir. 2020).  To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.  Harrigan, 977 F.3d at 1192–93; 11th Cir. R. 3-1.  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 30th day of June, 2021.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA